## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **CHARLIESE RIPPEY,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **v.** | § | |
| | § | **JURY** |
| **CHASE HOME FINANCE, LLC,** | § | |
| | § | |
| **DEFENDANT.** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Chase Home Finance LLC ("CHF" or "Defendant") files its Notice of Removal of this action from the 352nd District Court of Tarrant County, Texas, wherein it is now pending as Cause No. 352-249475-10, to the United States District Court for the Northern District of Texas, Fort Worth Division, the District Court of the United States for the District and Division embracing the place where this action is pending.  This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.  In support hereof, Defendant show this Court as follows:

1.     On November 19, 2010, Plaintiff Charliese Rippey ("Plaintiff") commenced an action against Defendant in the 352nd District Court of Tarrant County, Texas, entitled *"Charliese Rippey v. Chase Home Finance, LLC,"* pending as Cause No. 352-249475-10.

2.     Removal is timely pursuant to 28 U.S.C. § 1446(b), because thirty (30) days have not elapsed since Plaintiff's Verified Original Petition and Application for Temporary Restraining Order (the "Complaint") was served upon Defendant.  Defendant was served November 30, 2010.

3.      Pursuant to § 1446(d), this Notice of Removal will be filed with the 352nd District Court of Tarrant County, Texas, and a copy of this Notice of Removal will also be served on Plaintiff.  In accordance with LR 81.1, attached as Exhibit "A" is an index of all documents that clearly identifies each document and indicates the date the document was filed in the district court; attached as Exhibit "B" is a copy of the docket sheet in the district court action; and, attached as Exhibit "C" are documents filed in the district court action, except discovery material, individually tabbed and arranged in chronological order according to the district court file date.  Also, in accordance with Local Rule 81.1, Defendant has filed contemporaneously with this Notice a civil cover sheet, a supplemental civil cover sheet, and a separately signed certificate of interested persons and disclosure statement that complies with LR 3.1(c) and FRCP 7.1.

<u>**Ground for Removal:  Diversity**</u>

4.      This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, in that this is a civil action where the matter in controversy exceeds $75,000, and is between citizens of different States; specifically:

(a)      <u>The Amount in Controversy Exceeds the Federal Minimum</u>

<u>Jurisdictional Requirements</u>

(i)      Plaintiff's Complaint adjudicates issues related to a note and deed of trust encumbering real property.  Plaintiff requests injunctive relief preventing Defendant from foreclosing on the subject property.  *See* Complaint, Ex. C-1, ¶¶ 53-56.  Plaintiff also alleges breach of contract and anticipatory breach of contract, unreasonable collection efforts, violations of the Texas Consumer Credit Code/Debt Collection Practices Act, negligent misrepresentation, gross negligence, and requests an accounting, declaratory relief, specific

performance, that title to the property be quieted, actual damages, attorney's fees, punitive damages, and treble damages. *Id*. § XI.

(ii)     The real property at issue in this lawsuit has a current fair market value of $117,200.00 according to the Tarrant Appraisal District.  If the injunctive relief sought by Plaintiff is not granted, Defendant could foreclose the subject property, divesting Plaintiff of any right or title to the subject property.  Thus, the value of the requested injunctive relief to Plaintiff is $117,200.00 – the current appraised fair market value of the subject property.  In addition, Plaintiff requests actual damages, attorney's fees, punitive damages, and treble damages. *Id*. § XI.

(iii)     "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).  In other words, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998).  Accordingly, in light of the value of the subject property, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

(b)     <u>There is Complete Diversity between Defendant and Plaintiff</u>

(i)     CHF was, at the time of the filing of this action, has been at all times since, and still is a limited liability company under the laws of the State of Delaware with its principal place of business in the State of New Jersey.  The sole member of CHF is Chase Home Finance, Inc., a corporation formed under the laws of Delaware, with its principal place of business in New Jersey.  Accordingly, CHF is a citizen of Delaware and New Jersey.

(ii)    Plaintiff Charliese Rippey was, at the time of filing this action, has been at all times since, and still is an individual resident citizen of the State of Texas. *See* Complaint, Ex. C-1, ¶ 1.

(iii)    28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1)    citizens of different states; …"

28 U.S.C. § 1332(a) (1).

(iv)    For purposes of diversity, an individual is a citizen of the state of their domicile, which is the place of their true, fixed, and permanent home and principal establishment, to which they have the intention of returning home whenever they are absent there from. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

(v)    Under the diversity statute, corporations "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." 28 U.S.C. § 1332(c)(1).

(vi)    As Defendant is a citizen of the States of Delaware and New Jersey, while Plaintiff is a citizen of the State of Texas, but not Delaware or New Jersey, complete diversity of citizenship exists between Plaintiff and Defendant.

(c)    Pursuant to 28 U.S.C. § 1332(a), this court has original jurisdiction over this matter as the amount in controversy meets the federal jurisdictional minimum and there is a complete diversity of citizenship between Plaintiff and Defendant.

## **Ground for Removal:  Federal Question**

5.    This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 in

that it arises under the laws of the United States, and is a case that may be removed to this Court by CHF pursuant to 28 U.S.C. § 1441(b).

6.      As part of her breach of contract claim, Plaintiff alleges that "the Deed of Trust is specifically subject to the terms of the Real Estate Settlement Procedures Act (Respa) and Defendant has breached it by failing to comply." *See* Complaint, Ex. C-1 ¶ 26.   Because Plaintiff alleges claims that arise under federal statutes and regulations, this Court has federal question jurisdiction.

7.      There has not been any adjudication on the merits of the Complaint in the state court action that would deprive Defendant of the right of removal. *See Beighley v. Federal Deposit Ins. Corp.,* 868 F.2d 776, 782 (5th Cir. 1989) ("in general, 'the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits.'" (*quoting* 1A Moore, Federal Practice P 0.157[9] at 153 (1987)).

8.      The State Court in which this action was commenced is within this Court's district and division.

9.      This Notice of Removal is being filed with the 352nd District Court of Tarrant County, Texas, and is being served via United States Mail on Plaintiff, as set forth in the attached Certificate of Service.

WHEREFORE, Defendant Chase Home Finance LLC prays that the above-described action now pending in the 352nd District Court of Dallas County, Texas, be removed to this Court.

Respectfully submitted,


   */s/ Wm. Lance Lewis*
WM. LANCE LEWIS
State Bar No. 12314560
JUDE T. HICKLAND
State Bar No. 24065416
**QUILLING, SELANDER, LOWNDS,**
**WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
jhickland@qslwm.com

**ATTORNEYS FOR DEFENDANT**
**CHASE HOME FINANCE LLC**


## CERTIFICATE OF SERVICE

     This is to certify that a true and correct copy of the foregoing document has been furnished to counsel for Plaintiff, via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, this 10th day of December, 2010.

J.B. Peacock, Jr.
Cynthia K. Shanklin
David M. Vereeke
GAGNON, PEACOCK, SHANKLIN & VEREEKE, P.C.
4245 North Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205


   */s/ Wm. Lance Lewis*
Wm. Lance Lewis