CAUSE NO. 352-249475-10

| | | |
|---|---|---|
| CHALIESE RIPPEY, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| CHASE HOME FINANCE, LLC, | § | |
| | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

### PLAINTIFF'S VERIFIED ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, CHALIESE RIPPEY, Plaintiff, complaining of CHASE HOME FINANCE, LLC (hereinafter "Chase"), Defendant, in this her Plaintiff's Verified Original Petition and Application for Temporary Restraining Order and for cause of action would respectfully show unto the Court as follows, to-wit:

### I. PARTIES

1. Plaintiff is an individual residing in Tarrant County, Texas.

2. Chase is a foreign financial institution doing business in Texas and may be served with citation by serving its registered agent, C.T. Corporation System, at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

### II. JURISDICTION, AND VENUE

3. The amount in controversy exceeds the minimum jurisdictional limits of this Court, and the Court has jurisdiction over the subject matter.

4. The Court has jurisdiction over the Defendant, in that Defendant is doing business in Tarrant County, Texas.

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

NOV 19 2010

TIME_____4:17 pm_____

BY_____ DEPUTY



EXHIBIT
C-1

5.    As a suit affecting title to land, this court has venue pursuant to Texas Civil Practice and Remedies Code § 15.011.  Moreover, venue is proper because all or a substantial part of the events or omissions that gave rise to this claim occurred in this county.

6.    This is a Level 2 case for purposes of discovery.

### III. AGENCY AND RESPONDEAT SUPERIOR

7.    Whenever in this petition it is alleged that Defendant did, or failed to do, any act, thing and/or omission, it is meant that Defendant itself or its agents, officers, servants, employees, vice principals, or representatives either did or failed to do such act, thing and/or omission, and it was done with the full authorization or ratification of Defendant, and/or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, vice principals, or representatives and/or with actual and/or apparent authority of Defendant.

### IV. FACTUAL BACKGROUND

8.    The property, which is the subject of this lawsuit, is located at 2108 Burnside Drive, Fort Worth, Texas 76177 (hereinafter referred to as "Property").  The property is more particularly described as follows:

> LOT 11, BLOCK 11, OF PRESIDIO VILLAGE PHASE IIA, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE CORRECTED PLAT THEREOF RECORDED IN CABINET A, SLIDE 10902 OF THE PLAT RECORDS, TARRANT COUNTY, TEXAS.

9.    Plaintiff was and is the rightful owner of the Property, and is currently in possession of the Property.  On or about November 28, 2007, Plaintiff purchased the Property and executed a Note payable to CTX Mortgage Company, LLC (hereinafter "CTX") in furtherance of a loan for the purchase of the Property.  On or about the same day, a Deed of Trust

to secure the payment of the note was executed by Plaintiff. CTX was the "Lender" under the Deed of Trust and Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS") was the beneficiary under the Deed of Trust. The Deed of Trust also provided that only the Trustee, had the power of sale. On or about January 10, 2008, CTX assigned the loan to JP Morgan Chase Bank, NA. However, MERS, the beneficiary under the Deed of Trust appointed a substitute trustee to sell Plaintiff's home at the foreclosure sale. Yet, MERS was not a holder of the Note. Instead, MERS was the beneficiary under the Deed of Trust so on the date of sale, MERS was not the holder of the Note, so MERS had no authority to appoint a substitute trustee, and any sale was void.

10.     Further, the Note and Deed of Trust are subject to the provisions of the Fair Housing Act ("FHA"), and subject to the regulations of the Department of Housing and Urban Development ("HUD"), and Real Estate Settlement Procedures Act of 1974, as amended, 12 U.S.C. Section 2601 et. seq. A portion of each of Plaintiff' monthly payments included amounts toward ad valorem taxes, homeowners' insurance, and FHA mortgage insurance. Upon information and belief, Plaintiff's mortgage loan was assigned to Chase.

11.     Plaintiff suffered a financial loss in late 2009, in that her income was reduced by more than half. In January 2010, Plaintiff's mortgage payment increased. As a result of the financial loss and increased payment amount, Plaintiff was unable to pay the full amount of her mortgage that month. Instead, Plaintiff paid the old payment amount of $1,109.89 on January 29, 2010. On February 4, 2010, Plaintiff received a letter from Chase informing Plaintiff that she was behind on her mortgage and that she needed to pay two payments plus the late fees. Plaintiff was not able to make the full amount due, but she did pay another payment of $1,109.89 on February 26, 2010. Plaintiff received additional correspondence from Chase dated March 1,

2010 that informed Plaintiff that she may be eligible for a loan modification, including a change to the term of the note and/or the interest rate in order to reduce the monthly payment during Plaintiff's financial crisis. Further, the letter provided that if Plaintiff was not able to pay the amount owed at that time, Chase had a variety of loss mitigation programs that could help Plaintiff keep her home.

12.     Plaintiff attempted several times to contact Chase to find out about a possible loan modification and was finally referred to its website to download and submit forms. On or about March 30, 2010, Plaintiff found out that Chase has refused payment when she received a check from Chase for $1,409.46. In April 2010, Plaintiff received a notice of acceleration and foreclosure sale scheduled for July 7, 2010. Plaintiff also received correspondence from Chase's attorneys about workout options including reinstatement, repayment plan, loan modification, etc. Plaintiff researched the information about the loan modification and all the documents that were necessary to produce. Plaintiff then began gathering the required documents. Plaintiff sent the application and all the supporting documents to Chase on June 3, 2010. Chase acknowledged Plaintiff's request for a loan modification through the Making Home Affordable (MHA) program in a letter dated June 8, 2010. In that letter, Chase listed the requirements for the application and the documents Plaintiff was required to provide in order to be considered for the MHA Program. The June 8, 2010 letter from Chase also provided in pertinent part as follows:

> "During the MHA eligibility evaluation, if your home has not yet been referred to for foreclosure, we will not refer it to foreclosure. However, you may continue to receive collection and other legal notices that are required to be sent prior to the filing of a foreclosure. If your loan was previously referred to foreclosure, we will not sell it at a foreclosure sale . . . ."

13.     Plaintiff called Chase after she received the June 8, 2010 correspondence to find out why she had to send the documents again since she just sent them on June 3, 2010. The

Chase representative told Plaintiff that Chase did receive all her documents and that Chase was evaluating her application. Plaintiff relied on Chase's representations and patiently waited to hear about her loan modification.  On July 8, 2010, Plaintiff received correspondence from Chase entitled "Final Notice."  Chase reported to Plaintiff that it sent Plaintiff a package "two weeks ago" for Plaintiff to complete and return in order to move forward for a loan modification. Plaintiff was confused because she sent in all the requested information on June 3, 2010. So Plaintiff called Chase and explained that she had already sent in the requested information. Chase confirmed that it had all the required documents from Plaintiff and that someone would contact her soon regarding the status of her MHA application. On July 14, 2010, Chase again confirmed receipt of Plaintiff's submitted request for a MHA loan modification. Plaintiff then called to check on the status of her MHA application and found out that Chase could not find her records.   On July 20, 2010, Plaintiff faxed the MHA application and all the supporting documents, 73 pages, to Chase at two different fax numbers.

14.     Plaintiff called Chase on July 30, 2010 to check on the status of her loan modification.  Plaintiff spoke to Debbie, ID# 18992, who confirmed that Chase had all the necessary information to process Plaintiff's MHA application, that the process takes time and not to worry.  Debbie further reported that the personal loan advocate assigned to Plaintiff was Melody Zambaras.  Debbie also provided Plaintiff with Ms. Zambara's phone number and extension.

15.     Plaintiff called frequently to check on the status of her loan modification.  Each time she was assured that Chase had all the necessary documents and that her loan modification was under review.  Plaintiff called Ms. Zambaras on September 28, 2010 for an update on the status of her loan modification.  Ms. Zambaras informed Plaintiff that she was not an advisor for

Chase anymore, but instead worked on WAMU accounts. Further Ms. Zambara told Plaintiff that someone should have told Plaintiff that her advisor had changed. Ms. Zambaras did, however, check on the status of Plaintiff's loan modification and informed Plaintiff that Plaintiff's house was sold at the foreclosure sale on July 6, 2010. Plaintiff was shocked that her house had been sold based on Chase's representations to the contrary. Plaintiff never received any notice that the foreclosure sale was going forward despite Chase's promise not to foreclose while the loan modification was under review. Plaintiff never had the opportunity to cure the default or reinstate the loan. Moreover, the first written notice that Plaintiff's house had been sold was not sent to Plaintiff until October 8, 2010, when she received a notice to vacate the property. Plaintiff's property was struck off to Chase at the foreclosure sale for $121,423.26, which is substantially less that the appraised value of the property. Chase represented to Plaintiff that no foreclosure would occur during the loan modification process. Plaintiff relied on Chase's representations to her detriment because Chase sold Plaintiff's home to itself at a foreclosure sale on July 6, 2010.

16.    Plaintiff used her best efforts to get her account up-to-date but was constantly delayed by Defendant's actions. Plaintiff has become totally frustrated in her efforts to communicate with Chase. The requirement of good faith and fair dealing is included in the performance of every contract. Tex. Bus. & Com. Code § 1.201(20); 9.102(c). BAC's conduct of deliberately, (or negligently) delaying and misleading Plaintiff to the point of foreclosure is unconscionable. Chase has waived its right to accelerate and foreclose. *Bodiford v. Parker*, 651 S.W.2d 338 (Tex. App.—Fort Worth 1983); *Dhanani Inv., Inc. v. Second Master Bilt Homes, Inc.*, 650 S.W.2d 220 (Tex. App.-Fort Worth 1983); *McGowan v. Pasol*, 605 S.W.2d 728 (Tex. Civ. App.—Corpus Christi 1980); *Vaughn v Crown Plumbing & Sewer Serv., Inc.*, 523 S.W.2d

72 (Tex. Civ. App.—Houston [1st Dist.] 1975). See also *John Hancock Mut. Life Ins. Co. v. Howard,* 85 S.W.2d 986 (Tex. Civ. App.-Waco 1935, writ ref'd).

17.     Plaintiff has tried to correct Defendant's errors, but Defendant has failed to correct the errors and, through various agents and representatives, have made numerous demands and representations concerning the amounts allegedly owed on Plaintiff's mortgage loans which are false, inaccurate, and were made recklessly, and with total disregard for the truth or validity thereof. All of such demands for payment made by Defendant were made unlawfully and in violation of applicable state, FHA regulations, and federal statutes, in particular Section 2605(e), Title 12, USCA. The demands made in connection therewith, and the actions taken to accelerate and post the property for foreclosure were made unlawfully. Now, Defendant will attempt to evict Plaintiff, who is currently occupying the property.

18.     By this pleading, Plaintiff seeks a Temporary Restraining Order, as well as other remedies set forth herein.

## V. CAUSES OF ACTION

### *Breach of Contract and Anticipatory Breach of Contract*

19.     Plaintiff incorporates by reference the allegations set forth above, as if the same were fully set forth herein.

20.     As is evidenced by the Note default under the terms of the Note is limited by HUD regulations. Specifically, Section 6(B) of the Note provides:

(B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, *except as limited by regulations of the Secretary* in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. . . . In many circumstances regulations issued by the Secretary will limit lender's rights to require immediate payment in full in the case of payment defaults. *This Note does not authorize acceleration when not permitted by HUD regulations.* As used in this Note, "Secretary"

means the Secretary of Housing and Urban Development or his or her designee. (emphasis added)

21.    Default under the terms of the Deed of Trust (Exhibit C) is also limited by HUD

regulations. Section 9(d) specifically provides:

> Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary *will limit Lender's rights*, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. *This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.* (emphasis added)

22.    Moreover, acceleration of debt is also limited by HUD regulations. Section 9(a)

of the Deed of Trust states:

> Grounds for Acceleration of Debt.
>
> (a) Default. Lender may, *except as limited by regulations issued by the Secretary*, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument . . . . (emphasis added)

23.    By the express terms of the foregoing instruments, Defendant is not authorized to

accelerate or foreclose if not so permitted by HUD regulations. The HUD regulations were and

are part of an integrated contract to which Defendant is bound to comply. See, *Hernandez v.*

*Home Sav. Ass'n of Dallas County*, 606 F.2d 596 (5th Cir.(Tex.), Nov 15, 1979) (Parties to a

federally insured mortgage transaction executing instruments furnished by Department of

Housing and Urban Development agreed to be bound by HUD regulations implementing federal

multifamily housing mortgage insurance program, building loan agreement, which along with

other documents and regulations constituted an integrated contract.) Plaintiff has paid good and

valuable consideration for the privilege of having a loan serviced under the administrative

requirements of HUD and procuring the issuance of HUD mortgage insurance.

---

24.    New Jersey courts have held that HUD regulations are legally binding upon mortgage lenders and will bar foreclosure. *Associated East Mortg. Co. v. Young*, 163 N.J.Super. 315, 394 A.2d 899 (N.J.Super.Ch. 1978).   Likewise, Illinois courts recognize that the lenders failure to abide by the very regulations at issue herein can be raised as affirmative defenses to foreclosure. *Mellon Mortg. Co. v. Larios*, 1998 WL 292387 (N.D.Ill. 1998); *Mfrs. Hanover Mortgage Corp. v. Ballard*, 1985 WL 3075 (N.D.Ill. 1985); and *Bankers Life Co. v. Denton*, 120 Ill.App.3d 576, 458 N.E.2d 203, 76 Ill.Dec. 64 (Ill.App. 3 Dist. 1983).  See also, *GMAC Mortg. of Pennsylvania v. Gray*, 1991 WL 268742 (Ohio App. 10 Dist. 1991) (not reported).  Texas courts have not ruled to the contrary and should hold likewise, especially in light of the express terms of the mortgage instruments.

25.    As a servicer of a FHA loan[1], Defendant was required to conduct a face-to-face interview with the Plaintiff, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. See, 24 C.F.R. 203.604(b).  Such a reasonable effort consists of a letter sent to Plaintiff by certified mail and requires at least one trip to see the Plaintiff at the Property.  Defendant is also required to inform Plaintiff of other available assistance. See, 24 C.F.R. 203.604(e)(2).  Moreover, Defendant was required to accept partial payments and apply it to Plaintiff account or hold it in trust pending disposition of the account.  See, 24 C.F.R. 203.556(b).  Plaintiff affirms that Defendant has failed to comply with the foregoing.

26.    Further, Plaintiff was not 3 months behind in the payments at the time that Defendant began refusing payments.   FHA regulations state that a "mortgagee may not

---

[1] While the provisions cited herein typically refer to the Department of Housing and Urban Development ("HUD"), HUD has the authority and responsibility for administering the Fair Housing Act ("FHA") pursuant to 42 U.S.C. 3608.

commence foreclosure for a monetary default unless at least three full monthly installments due under the mortgage are unpaid." 24 C.F.R. 203.606. Also, the Deed of Trust is specifically subject to the terms of the Real Estate Settlement and Procedures Act (Respa) and Defendant has breached it by failing to comply. A breach of Respa is a breach of the Deed of Trust contract.

27.  Defendant has violated the Texas Property Code and breached the Deed of Trust contract. As a result of Defendant's wrongful conduct described above, Defendant has no right to foreclosure.

28.  Moreover, Chase began refusing payments and posted Plaintiff's property for foreclosure. Plaintiff relied on Defendant's representations and promises to her detriment. Plaintiff's reliance on Defendant's promises, to her detriment, constituted a unilateral contract which was breached by the Defendant when it posted Plaintiff's property for foreclosure sale. *See* Corbin on Contracts §193 et. seq. The breach of the contract, and the anticipatory breach of the contract, as set forth above were a proximate cause of Plaintiff's damages as set forth below.

29.  In addition, Defendant waived its right under the Deed of Trust contract to foreclose. The requirement of good faith and fair dealing is included in the performance of every contract. Tex. Bus. & Com. Code § 1.201(20); 9.102(c). Defendant's conduct of deliberately, (or negligently) delaying and misleading Plaintiff to the point of foreclosure showed a pattern of unconscionable conduct. Chase waived its right to sell the property under the deed of trust. *Bodiford v. Parker*, 651 S.W.2d 338 (Tex. App.—Fort Worth 1983, no writ); *Dhanani Inv., Inc. v. Second Master Bilt Homes, Inc.*, 650 S.W.2d 220 (Tex. App.-Fort Worth 1983, no writ); *McGowan v. Pasol*, 605 S.W.2d 728 (Tex. Civ. App.—Corpus Christi 1980, no writ); *Vaughn v Crown Plumbing & Sewer Serv., Inc.*, 523 S.W.2d 72 (Tex. Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.).

30.     As a proximate result of the foregoing wrongful conduct by Defendant, Plaintiff has incurred damages, including mental anguish, filing fees, and reasonable and necessary attorney fees.

### Breach of Common Law Tort of Unreasonable Collection Efforts

31.     Plaintiff realleges the allegations contained above, inclusive, and incorporate the same herein by reference.

32.     This is a cause of action for the commission of unreasonable collection efforts in violation of the common law of the State of Texas.  By such actions and course of conduct, whereby Defendant has used deceptive means to collect a debt, placing the property in foreclosure and imposing numerous additional charges upon Plaintiff's mortgage loan accounts, Defendant has slandered Plaintiff's credit reputation, defamed her credit and exposed her to ridicule in the community, thereby causing her further economic damages.  Additionally, as set forth above, Plaintiff has suffered extreme and severe mental anguish and emotional distress resulting in loss of income and mental suffering.

33.     Such acts and practices of Defendant have been unreasonable and have violated the ordinary standard of care required of mortgage loan servicing companies, which breach of duty has proximately caused damages to Plaintiff exceeding the minimum jurisdictional limits of this Court. Plaintiff therefore seeks recovery of all of her actual damages proximately caused by such violations of law, including but not limited to recovery of all actual damages sustained, all actual direct and indirect economic damages, including but not limited to damages for loss of credit and damages to credit reputation, attorney's fees, and mental anguish and emotional distress, damages resulting from payment in excess or additional interest due to inability to

refinance, and any consequential damages, all in amounts exceeding the minimum jurisdictional limits of this Court.

### *Texas Consumer Credit Code/Debt Collection Practices Act*

34.     Plaintiff realleges the allegations contained above, inclusive, and incorporate the same herein by reference.

35.     This includes an action for violations of the Texas Debt Collection Practices Act, §§ 392.001 et seq., Texas Finance Code.

36.     Plaintiff is a "consumer" within the meaning of § 392.001 of the Texas Finance Code, and the debt in question relating to the property is a "consumer debt" within the meaning of such statute.

37.     The acts, omissions, and conduct of Defendant, as alleged above, constitute violations of the following provisions of the Texas Debt Collection Practices Act:

    a)  Using a deceptive means to collect a debt. § 392.304(19) Tex. Fin. Code.

    b)  Misrepresenting the character, extent, or amount of a consumer debt, in violation of § 392.304(a)(8) of the Texas Finance Code.

    c)  Violating § 392.303(a)(2) of the Tex. Fin. Code; and

    d)  Violating § 392.301(a)(8) of the Tex. Fin. Code.

38.     Through its communications and demands, Defendant misrepresented the amounts allegedly owed by Plaintiff on her mortgage loan, wrongfully accelerated and posted the property in question, and imposed wrongful charges on Plaintiff's mortgage account.

39.     Pursuant to such violations of law, Plaintiff is entitled to relief provided by §392.403 of the Texas Finance Code, including by not limited to recovery of all actual damages sustained as a result of violations of such provisions of the Texas Debt Collection Practices Act, all actual direct and indirect economic damages, including but not limited to damages for loss of

credit and damage to credit reputation, attorneys' fees, and mental anguish and emotional distress, damages resulting from payment of excess or additional interest, and any consequential damages, all in amounts exceeding the minimum jurisdiction limits of the Court.

40.  Also, pursuant to § 392.403 of the Texas Finance Code, Plaintiff is entitled to recover her attorneys' fees reasonably related to the amount of work performed and costs, for all actions in the trial court, the Court of Appeals, and the Texas Supreme Court, in amounts exceeding the minimum jurisdiction limits of this Court. Pursuant to the § 392.404 of the Texas Finance Code, all of the above and foregoing violations of the Texas Finance Code also constitute deceptive trade practices in violation of the Texas Deceptive Trade Practices Act, and are actionable thereunder.   Therefore, Plaintiff is entitled to recovery of all her actual and consequential damages including the value of the time that Plaintiff spent trying to obtain the correct amount to pay on the loan, of which such illegal acts are the producing cause, and other relief as deemed appropriate by the Court, pursuant to Section 17.50 of the Texas Deceptive Trade Practices Act.

41.  Such actual and consequential damages, plus interest to the maximum allowed by law, should be trebled pursuant to applicable provisions of law, and/or any punitive damages awarded in amounts exceeding the minimum jurisdiction limits of this Court, assessed against Defendant.

**Accounting**

42.  Plaintiff requests an Order for an accounting of all transactions on her mortgage loan.

### Negligent Misrepresentation/Gross Negligence

43.     Plaintiff realleges the allegations contained above, inclusive, and incorporate the same herein by reference.

44.     Chase, in the course and scope of its business, made representations to Plaintiff regarding her mortgage account and a foreclosure sale. The information was false.

45.     It had a duty to Plaintiff to accurately communicate the correct status of Plaintiff's mortgage loan. It failed to use reasonable care in communicating the correct status of Plaintiff's mortgage loan by failing to provide the correct information.

46.     Defendant failed to use reasonable care in communicating the correct status of Plaintiff's mortgage loans. It breached its duty to Plaintiff. Plaintiff relied on the representations to her detriment. The representations by Defendant involved a transaction to which Defendant has a pecuniary interest. However, the representations were false and Defendant wrongfully foreclosed on Plaintiff's property, causing Plaintiff to sustain damages, including but not limited to court costs, actual damages and exemplary damages.

### Declaratory Judgment

47.     Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, Plaintiff requests that this court consider the terms of the Deed of Trust and Note and find that Defendant has waived its right to accelerate and foreclose, find that Defendant has violated the terms and spirit of the Deed of Trust and Note, find that the foreclosure sale is void, and find that any eviction should be enjoined.

### Specific Performance

48.     The United States Department of Housing and Urban Development Mortgagee Letter 00-05 dated January 19, 2000, provides in part as follows, to-wit:

"The FHA Loss Mitigation Program delegates to lenders both the authority <u>and the responsibility</u> to utilize actions and strategies to assist borrowers in default <u>in retaining their homes</u>, and/or in reducing losses to FHA's insurance funds..." (emphasis ours).

"Though lenders have great latitude in selecting the loss mitigation strategy appropriate for each borrower, it is critical to understand that **participation in the loss mitigation program is not optional**. Lenders are required to:

- Consider all reasonable means to address delinquency at the earliest possible moment.
- Inform borrowers of available loss mitigation options and the availability of housing counseling with the second month of delinquency...
- <u>Utilize loss mitigation whenever feasible to avoid foreclosure</u>..." (emphasis ours).

49.    Defendant has failed to offer Plaintiff in good faith loss mitigation options, which constitutes a breach of the Deed of Trust contract and Note. Plaintiff therefore requests that this Court order Defendant to comply with the FHA regulations.

*Suit to Quiet Title and Trespass to Try Title*

50.    Defendant has impermissibly declared Plaintiff to be a tenant at sufferance in the property in violation of state statutes and constitution. Defendant's claim to the title and possession of the Property are improper, and Plaintiff seeks the judgment of the court to quiet Plaintiff's claims and award and declare clear and uncontested title and possession of the property to Plaintiff.

### VII. DAMAGES

51.    As a proximate result of the above, Plaintiff has incurred, or will incur the following actual damages:

A.    Reasonable and necessary attorney's fees and costs in the proceedings before this court, and those fees required for any appeal to the Court of Appeals, and thereafter to the Supreme Court.

B.    The loss of creditworthiness and the stigma of foreclosure.

C.    Mental anguish and acute psychic trauma.

D.    The loss of title to her home.

E.    The value of the time lost in attempting to correct the Chase records.

## VIII.  DEMAND FOR JURY

52.    Plaintiff demands a jury trial and tenders the appropriate fee.

## IX.  APPLICATION FOR TEMPORARY RESTRAINING ORDER

Despite the wrongful nature of the aforementioned foreclosure, Defendant will proceed to evict Plaintiff from the property.

53    Unless restrained, Defendant will proceed with the eviction of Plaintiff and sell the property.  There is no remedy at law that is clear and adequate to protect Plaintiff's property interests against Defendant's wrongful eviction from the Property, and sale of the Property, because such an action will deprive Plaintiff of the use and enjoyment of the property, the right to sell or mortgage the property at some future date, and Plaintiff will not obtain the full benefit of accumulated equity or appreciated value. Further, Plaintiff will suffer irreparable harm and the issues and rights sought to be adjudicated will become moot unless such action is restrained and enjoined. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 210 (Tex. 2002).

54.    This request for injunctive relief is so that justice may be done, not merely for delay.  Plaintiff has performed all conditions precedent and are ready, willing, and able to perform such equitable acts as the court deems necessary.

55.    A trial court may grant equitable relief when a dispute involves real property. *Butnaru v. Ford Motor Company,* 84 S.W.3d 198 (Tex. 2002).

56    Plaintiff requests that the Restraining Order and Temporary Injunction be made into a permanent injunction.

## X. REQUEST FOR DISCLOSURE

57.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff hereby request Defendant to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2 (a)-(1).

## XI. PRAYER

WHEREFORE, Plaintiff request:

a)    The Court issue a temporary restraining order without notice to Defendant, restraining Defendant, its agents, servants, employees, attorneys, Trustees and Substitute Trustees, from evicting Plaintiff and from directly or indirectly selling or attempting to sell the property, under the power of sale contained in the Deed of Trust.

b)    Defendant be cited to appear and show cause, and that upon hearing, a temporary injunction be issued enjoining Defendant, its agents, attorneys, servants, and employees, Trustees and Substitute Trustees, from evicting Plaintiff and from directly or indirectly selling or attempting to sell the property under the power of sale contained in the Deed of Trust.

c)    The Court find that the conduct of Defendant was deplorable.

d)    The temporary injunction remain in place and that upon final trial a permanent injunction be issued enjoining Defendant, its agents, attorneys, servants, and employees, Trustees and Substitute Trustees, from evicting Plaintiff and from directly or indirectly selling or attempting to sell the property under the power of sale contained in the Deed of Trust.

e)    That Defendant be cited to appear for trial of Plaintiff's underlying causes of action, and that after said trial the Court DECLARE that the Note and Deed of Trust is subject to FHA Regulations, and that Defendant is in breach of the Deed of Trust.

f)    The Court DECLARE that the acceleration and foreclosure was wrongful, pursuant to the Texas Declaratory Judgment Act.

g)    Plaintiff recover their actual damages, out-of-pocket damages, including but not limited to damages for clouding the title/slander of title concerning said residence, harm to credit reputation, credit worthiness, and credit history, mental anguish, emotional distress, anxiety, depression, humiliation, and the value of time lost trying to remedy the problem, against Defendant.

h)  Plaintiff recover punitive and/or treble damages.

i)  Plaintiff have reasonable and necessary attorney's fees in this action and resulting writs or appeals; or, in the alternative, Plaintiff' attorneys have costs of court and reasonable and necessary attorneys fees in this action and resulting writs or appeals, and the same be taxed as costs and ordered paid directly to Plaintiff' attorneys, who may enforce the order for fees in their own name.

j)  Defendant be ordered to render an accounting to Plaintiff of the amounts paid and owed pursuant to the Real Estate Settlement and Procedures Act (12 U.S.C. Section 2605(e)).

k)  That upon final trial, the acceleration of the Note be set aside, and the Note be reinstated according to law without applicable late charges, penalties, and interest, or in the alternative, that Plaintiff recover the value of the property less the amount owed to Defendant as of the date of the foreclosure.

l)  Such other and further relief in equity and at law to which Plaintiff may be justly entitled.

Respectfully Submitted,

**GAGNON, PEACOCK, SHANKLIN**
**& VEREEKE, P.C.**
4245 N. Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205
Telephone: (214) 824-1414
Facsimile: (214) 824-5490
Email: attorneys@gapslaw.com

By: _____
    J. B. Peacock, Jr.
    State Bar No. 15678500
    Cynthia K. Shanklin
    State Bar No. 24004914
    David M. Vereeke
    State Bar No. 20547500

ATTORNEYS FOR PLAINTIFF

STATE OF TEXAS              §

COUNTY OF TARRANT      §

### VERIFICATION

BEFORE ME, the undersigned Notary Public, on this day personally appeared Chaliese Rippey, who being by me duly sworn on her oath deposed and said that she is the Plaintiff in the above-entitled and numbered cause; that she has read the above and foregoing Plaintiff's Original Petition and Application for Temporary Restraining Order; and that the facts contained therein are within her personal knowledge and are true and correct.

_____
Chaliese Rippey

SUBSCRIBED AND SWORN TO BEFORE ME on the 19th day of November, 2010, to certify which witness my hand and official seal.

_____
Notary Public

AARON WOODWARD
Notary Public, State of Texas
My Commission Expires
October 14, 2014

From:Gagnon, Peacock, & Shanklin      214 824 5490      11/19/2010 17:34      #448 P.021/021

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: **352-249475.10** COURT *(FOR CLERK USE ONLY)*: _____

STYLED CHALIESE RIPPEY v. CHASE HOME FINANCE, LLC
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new, civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: | Email: | ☒ Attorney for Plaintiff/Petitioner |
| | | ☐ Pro Se Plaintiff/Petitioner |
| J. B. Peacock, Jr. | Attorneys@GapsLaw.com | Plaintiff(s)/Petitioner(s): | ☐ Title IV-D Agency |
| | | Chaliese Rippey | ☐ Other: |
| Address: | Telephone: | | |
| | | | Additional Parties in Child Support Case: |
| 4245 N. Central Expressway | (214) 824-1414 | | |
| Suite 250, Lock Box 104 | | Defendant(s)/Respondent(s): | Custodial Parent: |
| | Fax: | | |
| City/State/Zip: | | Chase Home Finance, LLC | |
| | (214) 824-5490 | | Non-Custodial Parent: |
| Dallas, Texas 75205 | State Bar No: | | |
| Signature: | | | Presumed Father: |
| | 15678500 | | |
| | | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-Judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| **Debt/Contract** | ☐ Assault/Battery | ☐ Eminent Domain/ Condemnation | ☐ Annulment | ☐ Enforcement |
| ☐ Consumer/DTPA | ☐ Construction | ☐ Partition | ☐ Declare Marriage Void | ☐ Modification—Custody |
| ☐ Debt/Contract | ☐ Defamation | ☒ Quiet Title | **Divorce** | ☐ Modification—Other |
| ☐ Fraud/Misrepresentation | **Malpractice** | ☐ Trespass to Try Title | ☐ With Children | **Title IV-D** |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Other Property: | ☐ No Children | ☐ Enforcement/Modification |
| | ☐ Legal | | | ☐ Paternity |
| **Foreclosure** | ☐ Medical | | | ☐ Reciprocals (UIFSA) |
| ☐ Home Equity—Expedited | ☐ Other Professional Liability: | | | ☐ Support Order |
| ☐ Other Foreclosure | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| ☐ Franchise | ☐ Motor Vehicle Accident | ☐ Expunction | ☐ Enforce Foreign Judgment | ☐ Adoption/Adoption with Termination |
| ☐ Insurance | ☐ Premises | ☐ Judgment Nisi | ☐ Habeas Corpus | ☐ Child Protection |
| ☐ Landlord/Tenant | **Product Liability** | ☐ Non-Disclosure | ☐ Name Change | ☐ Child Support |
| ☐ Non-Competition | ☐ Asbestos/Silica | ☐ Seizure/Forfeiture | ☐ Protective Order | ☐ Custody or Visitation |
| ☐ Partnership | ☐ Other Product Liability List Product: | ☐ Writ of Habeas Corpus— Pre-indictment | ☐ Removal of Disabilities of Minority | ☐ Gestational Parenting |
| ☐ Other Contract: | | ☐ Other: | ☐ Other: | ☐ Grandparent Access |
| | ☐ Other Injury or Damage: | | | ☐ Parentage/Paternity |
| | | | | ☐ Termination of Parental Rights |
| | | | | ☐ Other Parent-Child: |

| Employment | Other Civil | | |
|---|---|---|---|
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | |
| ☐ Retaliation | ☐ Antitrust/Unfair Competition | ☐ Perpetuate Testimony | |
| ☐ Termination | ☐ Code Violations | ☐ Securities/Stock | |
| ☐ Workers' Compensation | ☐ Foreign Judgment | ☐ Tortious Interference | |
| ☐ Other Employment: | ☐ Intellectual Property | ☐ Other: | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal | **Probate/Wills/Intestate Administration** | ☐ Guardianship—Adult |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health |
| | ☐ Other Estate Proceedings | ☐ Other: |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☒ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

NOV 19 2010

TIME_____4:17pm_____
BY_____ DEPUTY

11·19·10

# THOMAS A. WILDER  -  TARRANT COUNTY DISTRICT CLERK
# FAX TRANSMITTAL FORM

Attorney: _____ J. B. PEACOCK, JR. _____   Bar ID # _____ 15678500 _____

Firm Name: __ GAGNON, PEACOCK & SHANKLIN, P.C. __   Fax # __ 214 – 824 – 5490 __

Subscriber Number: _____ 95000124 _____   Telephone # __ 214 – 824 – 1414 __

Representing: ✓ Plaintiff/Petitioner       _____ Defendant/Respondent       _____ Other

Authorization: I authorize the filing of the below named document(s) and I further authorize my checking account to be debited in accordance with my subscriber's agreement.

Signature: _____

Total number of Pages (including this form) __ 21 __        Case Number (if not new case) **352-249475·10**

RIPPEY V. CHASE HOME FINANCE, LLC

This document should be filed in:

✓ Civil           (For Civil or Criminal please send your fax to: **817-850-2928)**
___ Criminal

___ Family        (For Family or Juvenile please send your fax to: **817-850-2927)**
___ Juvenile

If you ever have a problem, please call Sue at 817-884-1345 or Willie at 817-212-7009.

✗ JURY DEMAND FEE

✓ New Case Filing

___ Motions and other pleadings **WITH FEES:** ① PLAINTIFF'S VERIFIED ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER ② CIVIL CASE

___ Motions and other pleadings **WITHOUT FEES:** INFORMATION SHEET

## REQUEST FOR SERVICE DOCUMENTS (Do you want us to issue citations or other documents?)

| Type of service document | Name of person to be served | Address | Type of service (constable, Private, certified mail, etc) |
|---|---|---|---|
| ORIGINAL PETITION & APPLICATION FOR TEMPORARY RESTRAINING ORDER | CHASE HOME FINANCE, LLC | C/O C.T. CORPORATION SYSTEM 350 N. ST. PAUL STREET SUITE 2900 DALLAS, TEXAS 75201 | MAIL TO OUR OFFICE FOR PRIVATE SERVICE |

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

NOV 19 2010

TIME __ 4:17 pm __
BY _____ DEPUTY



# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

### CITATION                    *Cause No. 352-249475-10*

CHALIESE RIPPEY

VS.

CHASE HOME FINANCE, LLC,

TO: CHASE HOME FINANCE LLC

B/S REG AGENT C.T. CORPORATION SYSTEM 350 N ST PAUL ST STE 2900 DALLAS, TX 75201-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S VERIFIED ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 352nd District Court ,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

CHALIESE RIPPEY

Filed in said Court on November 19th, 2010 Against
CHASE HOME FINANCE LLC

For suit, said suit being numbered 352-249475-10 the nature of which demand is as shown on said PLAINTIFF'S VERIFIED ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER a copy of which accompanies this citation.

**J B PEACOCK, JR**
Attorney for CHALIESE RIPPEY Phone No. (214)824-1414
Address    4245 N CTRL EXPY STE 250 LB 104 DALLAS, TX 75205

Thomas A. Wilder    , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 23rd day of November, 2010.

By _____ Deputy
JUANITA VEGA

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 401 W BELKNAP, FORT WORTH TX 76196-0402

## OFFICER'S RETURN

Received this Citation on the 30th day of November , 2010 at 4:00 o'clock P M; and executed at 350 N St Paul St #2900 Dallas, Tx 75201 within the county of Dallas , State of Tx at 1:19 o'clock P M on the 1st day of December , 2010 by delivering to the within named (Def.): Chase Home Finance LLC - CT Corps defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S VERIFIED ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of Dallas     State of Tx     By _____ Deputy
#4574

Fees $ 65.00
State of TEXAS     County of DALLAS     (Must be verified if served outside the State of Texas)
Signed and sworn to by the said RONALD COBB     before me this 1ST day of DECEMBER, 2010
to certify which witness my hand and seal of office
(Seal)                          County of DALLAS , State of TEXAS

**BRENDA ESPINO**
Notary Public,
State of Texas
Comm. Exp. 02-20-11

EXHIBIT
C-2

*CITATION*

Cause No. 352-249475-10

CHALIESE RIPPEY

VS.

CHASE HOME FINANCE, LLC,

**ISSUED**

This 23rd day of November, 2010

Thomas A. Wilder
Tarrant County District Clerk
401 W BELKNAP
FORT WORTH TX 76196-0402

By _____ JUANITA VEGA Deputy

J B PEACOCK, JR
Attorney for: CHALIESE RIPPEY
Phone No. (214)824-1414
ADDRESS: 4245 N CTRL EXPY STE 250 LB 104
DALLAS, TX 75205
*CIVIL LAW*

*35224975100000005*

SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK

FILED
TARRANT COUNTY
2010 DEC -6 AM 10: 05
THOMAS A. WILDER
DISTRICT CLERK

# GAGNON, PEACOCK,
## SHANKLIN & VEREEKE, P.C.

*Attorneys and Counselors at Law*

D.G. Gagnon
J.B. Peacock, Jr.
Cynthia K. Shanklin
David M. Vereeke*
Aaron P. Peacock⁺

   * Board Certified-Personal Injury Trial Law
     Board Certified-Civil Trial Law
     Texas Board of Legal Specialization
   ⁺ Admitted in the US Patent & Trademark Office

Highland Park Tower, Second Floor
4245 N. Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205
Telephone: (214) 824-1414
Telecopier: (214) 824-5490
www.GapsLaw.com

Brenda Espino, Legal Assistant
Brenda@GapsLaw.com

December 2, 2010

Tarrant District Clerk
352nd District Court
Tim Curry Justice Center
401 W. Belknap, 8th Floor
Fort Worth, Texas 76196

RE:    Cause No. 352-249475-10; *Rippey v. Chase Home Finance, LLC*

Dear Clerk:

   Enclosed for filing, please find the original plus one copy of the Proof of Service for Defendant Chase Home Finance, LLC, regarding the above-styled cause. Please file the original among the papers of the cause and return the file-stamped copy in the enclosed envelope that is provided for you.

   Thank you for your assistance with this matter. Should you have any questions or concerns, feel free to contact the office at any time.

Yours truly,

*Brenda Espino*

Brenda Espino
Legal Assistant

Enclosure(s)

cc:    Ms. Chaliese Rippey

CAUSE NO. 352-249475-10

| | | |
|---|---|---|
| CHARLIESE RIPPEY, | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| v. | § | 352nd JUDICIAL DISTRICT |
| | § | |
| CHASE HOME FINANCE LLC, | § | |
| DEFENDANT. | § | TARRANT COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Chase Home Finance LLC ("CHF") files this Original Answer to Plaintiff's

Verified Original Petition and Application for Temporary Restraining Order (the "Petition").

## I.
## GENERAL DENIAL

Defendant denies all and singular the allegations contained in the Petition and demands

strict proof thereof.

## II.
## ADDITIONAL DEFENSES

Defendant pleads the following matters in defense, should the same be necessary.

1.     Defendant specifically denies that all conditions precedent to Plaintiff's claims for

recovery have occurred or been met.

2.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or

estoppel.

3.     Plaintiff's claims are barred, in whole or in part, by the negligence and/or

comparative responsibility of Plaintiff, persons acting on Plaintiff's behalf, and/or third parties.

4.     Defendant seeks credit or offset for amounts owed under the note or deed of trust.

---

DEFENDANT'S ORIGINAL ANSWER                                              Page 1



EXHIBIT
C-3

5.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate.

6.    Some or all of Plaintiff's claims may be barred by the parol evidence rule and statute of frauds.

7.    Plaintiff's damages, if any, were caused or contributed to by her own prior breach of contract.

8.    Some of Plaintiffs' claims may be barred the doctrine of election of remedies.

9.    Plaintiff is not entitled to recover attorney's fees on some or all of the causes of action she asserts.

10.    Plaintiff is not a "consumer" for purposes of the Texas Debt Collection Practices Act or the Texas Finance Code.

11.    The debt in question is not a "consumer debt" for purposes of the Texas Debt Collection Practices Act or the Texas Finance Code.

12.    CHF is not a debt collector and Plaintiff is accordingly not permitted to recover under the Texas Debt Collection Practices Act.

13.    Plaintiff's punitive damages claims are barred in whole or in part by the Due Process Clause and the Excessive Fines Clause of the United States Constitution, Chapter 41 of the Texas Civil Practice & Remedies Code, or any other applicable law.

WHEFORE, PREMISES CONSIDERED, Defendant Chase Home Finance LLC prays that Plaintiff take nothing by this suit, and that Defendant go hence and recover costs in its behalf expended, as well as such other and further relief as to which they may be justly entitled.

Respectfully submitted,

*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
State Bar No. 12314560
JUDE T. HICKLAND
State Bar No. 24065416
**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
jhickland@qslwm.com

**ATTORNEYS FOR DEFENDANT
CHASE HOME FINANCE LLC**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been furnished to counsel for Plaintiffs, via certified mail, return receipt requested, in accordance with the Texas Rules of Civil Procedure, this 3rd day of December, 2010.

J.B. Peacock, Jr.
Cynthia K. Shanklin
David M. Vereeke
GAGNON, PEACOCK, SHANKLIN & VEREEKE, P.C.
4245 North Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205

*/s/ Wm. Lance Lewis*
Wm. Lance Lewis / Jude T. Hickland

# QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS

2001 BRYAN STREET, SUITE 1800
DALLAS, TEXAS 75201

WM. LANCE LEWIS
Direct  (214) 880-1827

Email: llewis@qslwm.com

December 3, 2010

*VIA FACSIMILE*

Clerk of the Court
Tarrant County District Court
153rd District Court
401 W. Belknap
Fort Worth, Texas 76196

     Re:    No. 352-249475-10; Charliese Rippey vs. Chase Home Finance LLC;
          in the 352nd Judicial District Court of Tarrant County, Texas

Dear Mr. Wilder:

    Attached for filing is a Defendant Chase Home Finance LLC's *Original Answer* in connection with the above-referenced matter. Please return confirmation of this filing, along with the Answer's file-stamped first page to our office via facsimile at (214) 871-2111.

    By copy of this letter, a copy of same is being forwarded to all known counsel of record.

    Should you have any questions, please do not hesitate to contact our office.

          Sincerely,

          Wm. Lance Lewis

JTH/ap
Enclosures

cc:    J.P. Peacock, Jr. *(w/encl., via CMRRR Mail)*

FILED
TARRANT COUNTY
2010 DEC -3  PM 3: 00
THOMAS A. WILDER
DISTRICT CLERK

12/03/2010 12:36 FAX                                                              ☑001

# THOMAS A. WILDER - TARRANT COUNTY DISTRICT CLERK
## FAX TRANSMITTAL FORM

Attorney: __Wm. Lance Lewis_____ Bar ID # __12314560_____

Firm Name: __Quilling Selander Cummiskey & Lownds__ Fax # __214-871-2111__

Subscriber Number: __95000583_____ Telephone # __214-880-1827__

Representing: _____ Plaintiff/Petitioner    ✓ Defendant/Respondent    _____ Other

Authorization: I authorize the filing of the below named document(s) and I further authorize my checking account to be debited in accordance with my subscriber's agreement.

Signature: _____

Total number of Pages (including this form) __5__    Case Number (if not new case) 352-249475-10

This document should be filed in:

__✓__ Civil            (For Civil or Criminal please send your fax to: **817-850-2928**)
_____ Criminal

_____ Family          (For Family or Juvenile please send your fax to: **817-850-2927**)
_____ Juvenile

If you ever have a problem, please call Sue at 817-884-1345 or Willie at 817-212-7009.

_____ New Case Filing

_____ Motions and other pleadings WITH FEES: _____

__✓__ Motions and other pleadings WITHOUT FEES: Please fax back file-stamped first page & confirmation
       Special Exceptions and Original Answer

## REQUEST FOR SERVICE DOCUMENTS (Do you want us to issue citations or other documents?)

| Type of service document | Name of person to be served | Address | Type of service (constable) Private, certified mail, etc) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

THOMAS A. WILDER DISTRICT CLERK

FILED TARRANT COUNTY 2010 DEC -3 PM 3: 50